IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANIKWA R. COOPER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-1667-PX |
| JOHN P. VAN BEEK, *et al.,* | * | |
| | * | |
| Defendants. | | |

\*\*\*

## <u>MEMORANDUM OPINION</u>

Pending before the Court in this contract dispute is a motion for summary judgment brought by Defendants John P. Van Beek, the law firm of Goldman and Van Beek, P.C. (the "Law Firm"), and the State Department Federal Credit Union (the "Credit Union") pursuant to Federal Rule of Civil Procedure 56.  ECF No. 7.  Also, pending are Plaintiff Vanikwa R. Cooper's motions to strike, one of which the Court construes as a motion for reconsideration. ECF Nos. 9 & 10.  The motions have been fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the following reasons, Plaintiff's motions are DENIED and Defendants' motion is GRANTED as to Count V only.  The remaining claims are dismissed without prejudice.

## I.    **Background**[1]

This case stems from prior state litigation (the "State case") in which the Credit Union sued Cooper in Prince George's County District Court for breaching a consumer loan agreement. ECF No. 7-2 at 1; *see also State Dep't Fed. Credit Union v. Cooper*, No. D-05-cv-23-010211, https://casesearch.courts.state.md.us/casesearch/inquiry-index (last visited Mar. 14, 2024)

---

[1]  The Court construes the evidence in the light most favorable to Plaintiff Vanikwa R. Cooper as the non-movant.  *See The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 364 n.3 (D. Md. 2011).

(hereinafter "*Cooper I*").  Van Beek and the Law Firm represented the Credit Union.  In the State

case, Cooper initially moved to dismiss the claims for lack of subject matter jurisdiction and for

sanctions to be imposed against attorney Van Beek for "failure to perform a reasonable pre-filing

investigation."  ECF No. 7-4.  Even though Van Beek merely represented the Credit Union as an

attorney, Cooper argued that he acted as an unlicensed debt collector.  *See* ECF No. 7-4 at 2, 6,

10, 14.  Cooper also argued, without support, that Van Beek was the "real plaintiff" in the State

case.  *See id.* at 2.

The State case pressed forward, and the contract claim proceeded to a bench trial on May

15, 2023.  *Cooper I.*  The state judge, the Honorable Patrice Lewis, ruled that Cooper had

breached the terms of her loan agreement and ordered her to pay the Credit Union $5,653.28 in

unpaid principal, attorneys fees, and court costs.  *Id.*; ECF No. 1 at 2.

A little over a month later, on June 21, 2023, Cooper filed a seven-count Complaint in

this Court, naming the Credit Union, Van Beek, the Law Firm, Judge Lewis, and the "State of

Maryland" as Defendants.  ECF No. 1.  Affording the Complaint a generous reading, Counts I

and II allege due process violations, brought pursuant to 42 U.S.C. § 1983, against Van Beek and

Judge Lewis; Count III alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.*, against Van Beek and the Credit Union; Count IV avers against no particular

defendant "a violation of the GAAP Accounting Laws"[2]; Count V alleges breach of contract

against the Credit Union; and Count VI avers a general claim of "infliction of emotional

distress."  ECF No. 1 at 5–6.  Last, Count VII, entitled "lack of jurisdiction," appears to be

against Judge Lewis in that the Complaint alleges "the original contract was not provided to give

---

[2] Although not entirely clear, the Court construes the Complaint as alleging a violation of the Generally Accepted Accounting Principles.  *See Malone v. Microdyne Corp.*, 26 F.3d 471, 477 n. 7 (4th Cir. 1994).

the [state] court jurisdiction." *Id.* at 3, 4.  Thus, the Court construes the claim as brought against Judge Lewis only.

On July 14, 2023, the Court dismissed all claims conceivably brought against the State of Maryland and Judge Lewis on immunity grounds.  ECF No. 3.  Specifically, the Court concluded that because the allegations against Judge Lewis arose exclusively from her decisions in the State case, she is judicially immune from suit.  *Id.*  Likewise, because the Eleventh Amendment to the United States Constitution immunizes the State of Maryland from citizen suits brought in federal court absent narrow exceptions not present here, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), the Court dismissed the State from the case.  ECF No. 3.  In response, Cooper moved to "strike" the Court's order which the Court now construes as a motion to reconsider the prior determination.  ECF No. 9.

Van Beek, the Law Firm, and the Credit Union answered the Complaint, at ECF No. 5, and separately moved for summary judgment to be granted in their favor, principally under the doctrine of res judicata.  ECF No. 7.  Cooper, in turn, moved to "strike" Defendants' Answer arguing that the Law Firm, as a corporation, is impermissibly representing itself in this action.  ECF No. 10.  The Court first turns to Cooper's motions.

## I.    Cooper's Motions

### A.    Motion to Reconsider Dismissal of Judge Lewis and the State of Maryland

Cooper asks this Court to revisit the dismissal of Judge Lewis and the State of Maryland from this action, which this Court construes as a motion to reconsider brought pursuant to Federal Rule of Civil Procedure 54(b).  ECF No. 9; *see Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).  Where the Court "adjudicates fewer than all of the claims," the Court may revisit that determination "at any time before the entry of a judgment adjudicating all the

claims." Fed. R. Civ. P. 54(b).  In this circumstance, reconsideration is warranted to address:  (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice.  *Carlson,* 856 F.3d at 325; *see also Humane Soc'y of United States v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. DKC 13-1922, 2017 WL 1426007, at *3 (D. Md. Apr. 21, 2017) (citing *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (citation omitted)).  Reconsideration, however, does not permit the movant to relitigate prior decisions simply because the movant is dissatisfied with the outcome.  *See Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010); *see also Butz v. Pulte Home Corp.*, No. PX 16-1508, 2017 WL 1546407, at *1 (D. Md. Apr. 28, 2017).

Cooper's motion, most generously read, does little more than relitigate the propriety of the Court's determination.  *See* ECF Nos. 3 & 9.  It presents no new law, new evidence, or any other reason to conclude that allowing the prior decision to stand would visit a manifest injustice or amount to clear error.  *See Carlson*, 856 F.3d at 325.  Thus, the motion for reconsideration is denied.

B.    **Motion to Strike Defendants' Answer**

Cooper moves the Court to strike Defendants' Answer because, says Cooper, Van Beek is acting as the lawyer for the Law Firm, which in Cooper's view, means the Law Firm is improperly representing itself in this Court.  ECF No. 10.  Although Cooper is right that corporations cannot proceed pro se, *see LNV Corp. v. Harrison Fam. Bus., LLC*, No. ELH-14-03778, 2016 WL 11740000, at *1 (D. Md. Mar. 16, 2016), the Law Firm is decidedly not representing itself.  Van Beek and his co-counsel, Holly Currier, are representing it.  *See, e.g.*,

4

ECF No. 5 at 5; ECF No. 7 at 2; *cf. Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *4 n. 8 (D. Md. July 8, 2021).  Thus, Cooper's motion to strike is denied.

The Court next turns to Defendants' motion.

## II.    Motion for Summary Judgment

Defendants raise one argument in their motion:  that all claims are barred by res judicata because all issues that Cooper raises here were fully and fairly litigated in the State case.  ECF No. 7-5.  Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted)).  Because this Court must accord the State case "the same preclusive effect" as under the "law of the state in which the judgment was rendered," the Court's res judicata analysis follows Maryland law.  *See Migra v. Warren City Sch. Distr. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (The "federal court must give to [the] state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

In Maryland, res judicata bars re-litigation of claims where:  (1) the parties or their privies in both suits are identical; (2) the claims in the original suit are identical to the new claims; and (3) the prior claims reached a final judgment on the merits.  *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. App. 93, 106–07 (2005) (citation omitted)).  As to the second element, "causes of action are identical for claim preclusion purposes [when] the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'"  *Id.* (quoting *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citation omitted)).

In fairness to Cooper, Defendants give the res judicata analysis short shrift.  *See* ECF No. 7.  For one, Van Beek and the Law Firm were not parties to the state action and Defendants do not persuade the Court that their representation of the Credit Union renders them in privity with their client.  *See* ECF No. 7-5; *Wilson*, 519 F.3d at 162.  Second, many of the allegations in this case were not raised in the State case.  *See* ECF Nos. 1, 7-2, 7-4.  Although Cooper may have waived her hands toward purported Fair Debt Collection Practices Act ("FDCPA") violations and supposed constitutional infirmities in the State case, the Court cannot conclude that those claims are "identical" to those raised in the State case, or that they arose out of the same nucleus of facts.  *See Wilson*, 519 F.3d at 162.  Nor can this Court conclude that the State case resolved these claims as part of its judgment.  *See id.*; *Cooper I.*  Accordingly, the only claim susceptible to the res judicata analysis is Count V, the contract count.

That said, the remaining counts are subject to dismissal.  Where, as here, the claims pleaded so overtly fail as to be near frivolous, the Court is well within its power to dismiss them sua sponte.  *See Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290–91 (4th Cir. 2021); *see also Nix v. NASA Federal Credit Union*, 200 F. Supp. 578, 586 (D. Md. 2016) ("where the face of a complaint plainly fails to state a claim for relief, the district court has 'no discretion but to dismiss it'" (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir. 2006)).  The Court discusses each count in turn.

### A.     Breach of Contract (Count V)

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  "A party opposing

6

a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment[.]"  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  But "a court should not grant summary judgment 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.'"  *Campbell v. Hewitt, Coleman & Assocs., Inc*., 21 F.3d 52, 55 (4th Cir. 1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co*., 381 F.2d 245, 249 (4th Cir. 1967)).  Where the party bearing the burden of proving a claim or defense "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment against that party is warranted.  *Celotex*, 477 U.S. at 322.

In Count V, the breach of contract claim, Cooper alleges an array of infirmities underlying the loan agreement at the heart of the State case.[3]  ECF No. 1.  Cooper contends now that the Credit Union "misrepresented the elements" of the agreement and "refused to disclose" information about the alleged contract.  *Id.* at 4, 5–6.  She seeks, as she did before, to be relieved of her contractual obligations.  *See id.*; *Cooper I*; ECF Nos. 7-2 & 7-4.  For the following reasons, the contract claim is barred.

First, the State case and this action share identical parties.  The Credit Union sued Cooper for breach of their loan agreement, and now Cooper sues the Credit Union alleging breach of the

---

[3] Count V offhandedly references Van Beek's "negligence" as the "proximate cause" of some nonspecific "injury" to Plaintiff, but otherwise fails to make plausible any legal cause of action against Van Beek as to Count V. ECF No. 1 at 5. Thus, the Court construes the contract claim as brought solely against the Credit Union.

same loan agreement. *See* ECF No. 7-2 at 1; ECF No. 1 at 4, 5–6. Thus, the identity of the parties is plain.

Second, both the State case and this matter raised the legal sufficiency of the contract terms. *See* ECF No. 7-2 at 1; ECF No. 1 at 5–6. Although the record does not conclusively reflect that Cooper had made these very arguments in the State case, she certainly could have. *See Wilson*, 519 F.3d at 162. The State case and this matter concern the same nucleus of facts and the claims, at bottom, are identical. *See id.* Third, the rights and responsibilities of the parties under the contract had been litigated to final judgment in the State case. *See Cooper I*. Accordingly, res judicata bars re-litigation of the breach of contract claim. The motion for summary judgment as to Count V is granted.

### B.     Remaining Counts

The Court next assesses the legal sufficiency of the remaining Counts as pleaded in the Complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). To ascertain whether Cooper has stated a claim, the Court "accept[s] the factual allegations of the complaint as true and construe[s] them in the light most favorable to [her]." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). However, the "Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Nor can courts "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 663 (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). To survive dismissal, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court recognizes Cooper proceeds pro se, and so, the Complaint is afforded an especially generous reading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (emphasis omitted) (quoting *Iqbal*, 556 U.S. at 679). The Court must be able to deduce "more than the mere possibility of misconduct" and the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016).

### 1.   Section 1983 Claims (Counts I & II)

Cooper broadly alleges constitutional violations, pursuant to 42 U.S.C. § 1983, against Van Beek, a private attorney. ECF No. 1 at 5. It is well established that Section 1983 liability for constitutional violations attaches only to persons acting "under color of law." 42 U.S.C. § 1983 ("[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights[.]"). Although liability can, in certain circumstances, extend to a private individual, it is only upon a showing that the individual's actions are so closely tied to state action such that they may be "fairly treated as that of the State itself." *See Mentavlos v. Anderson*, 249 F.3d 301, 318 (4th Cir. 2001) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)). When viewing the Complaint facts most favorably to Cooper, she has failed to meet this standard. Van Beek is a private lawyer representing a financial institution. *See* ECF No. 7-3. Nothing permits the rational inference that he is a state actor. *See Mentavlos*, 249 F.3d at 318. Thus, the Section 1983 claims against him necessarily fail. Counts I & II are dismissed.

### 2.      Fair Debt Collection Practices Act (Count III)

Next, Cooper avers that Van Beek and the Credit Union violated the FDCPA, 15 U.S.C. §

1692 *et seq.*  ECF No. 1 at 5.  To the extent this claim overlaps with the contract claim, as to the

Credit Union, it is barred on res judicata grounds.  The claim is otherwise dismissed as plainly

implausible.

To make plausible an FDCPA claim, Cooper must minimally aver that:  (1) she has been

the "object of collection activity arising from consumer debt"; (2) the Credit Union and Van

Beek are debt collectors as defined by the FDCPA; and (3) Defendants acted in contravention of

the FDCPA.  *Stewart v. Bierman*, 859 F. Supp. 2d. 754, 759 (D. Md. 2012) (quoting *Dikun v.*

*Streich*, 369 F. Supp. 2d 781, 784–85 (E.D. Va. 2005) (citation omitted)).  A "debt collector" is

defined as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly

collects debts owed to another; or (3) a person who collects its own debts, using a name other

than its own as if it were a debt collector[.]"  *Hampton v. Wells Fargo Bank, N.A.*, No. DLB-22-

1712, 2023 WL 6200009, at *6 (D. Md. Sept. 22, 2023) (quoting *Henson v. Santander Consumer*

*USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016)); *see* § 1692a(6) (defining "debt collector" as "any

person . . . in any business[,] the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts . . . .").

Nothing in the Complaint allows the plausible inference that either Van Beek or the

Credit Union are debt collectors under the FDCPA.  The Complaint merely alleges that the

Credit Union, through its counsel Van Beek, filed the breach of contract claim without proving

the "terms and conditions" of the contract, and that Van Beek is not a licensed debt collector.

*See* ECF No. 1 at 2, 5.  But nothing supports the notion that Van Beek or the Credit Union have

debt collection as their "principal purpose," or that they "regularly" collect debt. *See Hampton*, 2023 WL 6200009, at *6. Because the claim is patently deficient, it is dismissed.

### 3.   Violation of "GAAP" (Count IV)

Next as to Count IV, the Complaint merely avers that Defendants violated "GAAP Accounting Laws." ECF No. 1 at 4, 5. Generally Accepted Accounting Principles, or "GAAP," are standards promulgated by the "accounting profession's Financial Accounting Standards Board." *Malone v. Microdyne Corp.*, 26 F.3d 471, 477 n. 7 (4th Cir. 1994) (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 811 n. 7 (1984)). And they are "the conventions, rules, and procedures that define accepted accounting practices." *Id.* Noncompliance with GAAP may provide evidentiary support for claims but does not itself create a cause of action. *Cf. id.* at 478; *Lefkoe v. Jos A. Bank Clothiers*, No. WMN-06-1892, 2007 WL 6890353, at *2 n. 5 (D. Md. Sept. 10, 2007) ("Financial statements filed with the SEC that are not prepared in conformity with GAAP are presumed to be misleading or inaccurate."). Thus, Count IV fails and must be dismissed.

### 4.   Intentional Infliction of Emotional Distress (Count VI)

Last, Cooper brings an intentional infliction of emotional distress ("IIED") claim against all Defendants. IIED claims are reserved for only the most shocking circumstances where a defendant's extreme and outrageous acts caused the plaintiff severe emotional distress. *Tavakoli-Nouri v. State*, 139 Md. App. 716, 728 (2001). The claim survives challenge "sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Savage v. Mayor & City Council of Salisbury*, No. CCB-08-3200, 2010 WL 3038953, at *6 (D. Md. July 30, 2010) (citation omitted). In those rare circumstances, the Complaint facts must make plausible that the plaintiff "suffered a *severely* disabling emotional response to the defendant's conduct, and that

11

the distress was so severe that no reasonable [person] could be expected to endure it." *Thacker v. City of Hyattsville*, 135 Md. App. 268, 315 (2000) (emphasis in original) (internal quotation marks and citations omitted).  This standard sets a high bar.  *See B.N.S. by Stuart v. Brito*, No. ELH-17-2670, 2018 WL 5830565, at *10 (D. Md. Nov. 6, 2018).  Maryland courts routinely reject "conclusory statements of emotional distress" without demonstrably severe injury as insufficient for an IIED claim.  *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2017 WL 4162251, at *5 (D. Md. Sept. 19, 2017).

Read liberally, the Complaint avers no facts to make plausible that Defendants conducted themselves in a manner so shocking, extreme, or outrageous to permit the IIED claim to proceed. *See Tavakoli-Nouri*, 139 Md. App. at 728.  The Complaint asserts, without any facts, that Cooper experienced "severe emotional distress" surrounding the State case generally.  *See* ECF No. 1 at 7.  But the stress of litigation alone does not come close to supporting the claim.  *See Thacker*, 135 Md. App. at 315.  The IIED cause of action, therefore, must be dismissed.

## III.    Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted as to Count V.  The remaining claims are dismissed sua sponte.  However, pursuant to the Fourth Circuit's directive in *Robertson v. Anderson Mill Elementary Sch.*, Cooper is granted 21 days to amend the Complaint as to all counts except Count V.  *See Robertson*, 989 F.3d at 290–91.  A separate Order follows.

March 22, 2024
Date

/s/
Paula Xinis
United States District Judge